# EXHIBIT 9

**United States Small Business Administration**
**Office of Hearings and Appeals**

---

PAYCHECK PROTECTION PROGRAM
APPEAL OF:

Suffolk Regional Off Track Betting Corp.

      Appellant

Petition for Reconsideration
of Decision No. PPP-2844438000

Decided:  August 6, 2024

---

ORDER DENYING PETITION FOR RECONSIDERATION

I.  Background

A.  Prior Proceedings

On April 12, 2024, Suffolk Regional Off Track Betting Corp. (Petitioner) filed the instant Petition for Reconsideration (PFR) of the U.S. Small Business Administration (SBA) Office of Hearings and Appeals (OHA) decision in *PPP Appeal of Suffolk Regional Off Track Betting Corp.*, SBA No. PPP-2844438000 (2024) ("*Suffolk I*").  In that decision, OHA found that SBA correctly determined that Petitioner was not eligible to have obtained a Paycheck Protection Program (PPP) loan, because Petitioner is a government-owned entity and is neither a hospital nor affiliated with a Native American tribe.  *Suffolk I*, at 7-8.  Furthermore, since Petitioner was ineligible for the PPP loan it received, Petitioner is not entitled to forgiveness of that loan.  *Id.*, at 3, 9.

B.  Petition for Reconsideration

In the PFR, Petitioner renews its claim from *Suffolk I* that SBA's Final Loan Review Decision (FLRD) improperly relied upon an "outdated" version of 13 C.F.R. § 120.110(j).  (PFR at 9.)  More specifically, Petitioner maintains that SBA's Fourth Interim Final Rule (the Fourth IFR) pertaining to the PPP created a broad exception to 13 C.F.R. § 120.110(j), and thereby rendered government-owned "entities like [Petitioner] eligible for a PPP loan and corresponding PPP loan forgiveness".  (*Id.* at 8, citing 85 Fed. Reg. 23,450, 23,451 (Apr. 28, 2020).)

Next, Petitioner contends that OHA erred in concluding that "the mere fact that two of [Petitioner's] sister corporations may have had PPP loans forgiven is not compelling evidence of disparate treatment" of Petitioner.  (*Id.* at 10, quoting *Suffolk I*, at 8.)  Petitioner maintains that "*all*" four of its sister corporations, not only two, had PPP loans forgiven.  (*Id.*, emphasis Petitioner's.)  Petitioner and its sister corporations have the same legal structure, so in

Petitioner's view, "[t]he granting and forgiveness of the PPP loans to all [off-track betting corporations] in New York State except [Petitioner]" is compelling evidence of disparate treatment. (*Id.*)

Petitioner asserts that SBA and OHA "should be estopped" from determining that Petitioner "should never should have been approved" for a PPP loan in the first instance. (*Id.* at 11-12.) Petitioner relied upon the loan approval, and used the loan proceeds to pay the salaries of its employees. (*Id.* at 12.) In addition, Petitioner would have undertaken "austerity measures" if its application for a PPP loan had been immediately rejected, or if Petitioner had understood that its PPP loan would ultimately need to be repaid. (*Id.*)

Petitioner takes issue with the Administrative Record, and argues that OHA erred by reaching a decision based on an incomplete record. (*Id.* at 13-14.) Petitioner reiterates arguments from *Suffolk I* that the Administrative Record lacks sufficient documentation to explain: (1) SBA's disparate treatment of Petitioner as compared with other off-tracking betting businesses; and (2) why SBA fully denied forgiveness of Petitioner's PPP loan, notwithstanding that Petitioner's lender had recommended partial forgiveness. (*Id.* at 15-23.)

Lastly, Petitioner complains that OHA's decision in *Suffolk I* did not address whether Petitioner is responsible for payment of fees, penalties, and interest, in addition to the principal amount of its PPP loan. (*Id.* at 27.) Petitioner highlights that SBA regulations provide that a timely appeal of an FLRD extends the deferment period for a PPP loan until OHA renders a final decision. (*Id.* at 24, citing 13 C.F.R. § 134.1202(b) and (d).) Here, due to its lender's failure to timely forward the FLRD, Petitioner did not receive the FLRD until several months after it was issued. (*Id.* at 26-27.) Although OHA determined in *Suffolk I* that Petitioner filed a timely appeal, OHA did not discuss the extent to which Petitioner is responsible for additional costs. (*Id.*)

## C. SBA's Response

On April 30, 2024, SBA responded to the PFR. SBA argues that Petitioner has shown no error in *Suffolk I.* (Response at 1.) SBA maintains that OHA relied upon the correct legal authority in affirming the FLRD. (*Id.* at 2.) SBA highlights that, contrary to Petitioner's assertions, the exception authorized by the Fourth IFR "explicitly applies only to hospitals". (*Id.*) Petitioner is not a hospital, and does not dispute that it is a government-owned entity, so the exception under the Fourth IFR "plainly does not apply" to Petitioner. (*Id.*)

SBA argues that OHA also properly rejected Petitioner's allegations of disparate treatment. (*Id.* at 2.) Any information about other purportedly similarly-situated businesses does not demonstrate that SBA's conclusions regarding Petitioner were incorrect. (*Id.* at 2-3.) The only matter before OHA was Petitioner's appeal of the instant FLRD. Furthermore, SBA is not required to conduct reviews of every PPP loan; instead, SBA may undertake a review of a PPP loan of any size at any time in SBA's discretion. (*Id.* at 3.)

Petitioner's "estoppel" argument is equally meritless. (*Id.*) SBA contends that the estoppel claim is improperly raised for the first time in the PFR. (*Id.*) In any event, the premise

2

of Petitioner's argument is flawed because "SBA did not approve PPP loan applications and therefore did not approve Appellant's loan; rather such actions are delegated by regulation to authorized lenders". (*Id.*, citing 86 Fed. Reg. 8,283, 8,294 (Feb. 3, 2021) and 85 Fed. Reg. 20,811, 20,812 (Apr. 15, 2020).) Furthermore, an estoppel claim cannot be brought against a federal agency because "the Government cannot be estopped from denying a claim for payment of public money that is not otherwise permitted by law". (*Id.*, citing *Off. of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 426-33 (1990) and *Dun & Bradstreet Corp. Found. v. U.S. Postal Serv.*, 946 F.2d 189, 195 (2d Cir. 1991).)

SBA maintains that OHA correctly found that the Administrative Record need not contain all documents, but only non-privileged, relevant documents that SBA considered in making its FLRD. (*Id.* at 4.) Petitioner's claim that the Administrative Record did not include documentation explaining why its lender's partial forgiveness recommendation was not adopted is meritless, because a lender's recommendation on forgiveness is subject to SBA's review. (*Id.*, citing 85 Fed. Reg. 33,004, 33,005 (Jun. 1, 2020).) The FLRD "represents SBA's final decision on the matter that is appealable and reviewable by OHA" in accordance with SBA regulations, and the Administrative Record here amply supported the conclusion that Petitioner was ineligible for a PPP loan based on its status as a government-owned entity. (*Id.* at 4-5.)

Lastly, SBA argues that Petitioner's contentions regarding PPP loan deferment should be rejected, because these issues are improperly raised for the first time in the PFR, and in any event are beyond OHA's jurisdiction. (*Id.* at 5, citing 13 C.F.R. §§ 134.102(w), 134.1201, 134.1210, and 134.1212.)

## II.  Discussion

### A.  Jurisdiction and Standard of Review

A party seeking reconsideration of an OHA decision on a PPP appeal must file its PFR within 10 calendar days after service of the written decision. 13 C.F.R. § 134.1211(c)(1). Here, *Suffolk I* was issued on April 2, 2024, and Petitioner filed its PFR within 10 calendar days thereafter, so the PFR is timely. Sections I.A and I.B, *supra*. To prevail on a PFR, the petitioner "must clearly show an error of fact or law material to the decision." 13 C.F.R. § 134.1211(c)(1).

### B.  Analysis

I agree with SBA that this PFR is wholly without merit. The bulk of the PFR consists of arguments that OHA previously considered, and rejected, in *Suffolk I*. Petitioner repeats its claim, for example, that the Fourth IFR created a broad exception to 13 C.F.R. § 120.110(j), but OHA squarely addressed this argument in *Suffolk I*, and determined that Petitioner's contention lacked support in the regulatory text. Instead, the exception authorized by the Fourth IFR pertained "specifically to hospitals owned by governmental entities". *Suffolk I*, at 8. The exception is thus irrelevant to the instant case, as Petitioner is not a hospital. *Id.* The record in *Suffolk I* demonstrated, and Petitioner does not dispute, that Petitioner is a government-owned entity, and such concerns (other than hospitals and entities associated with Native American tribes) were precluded from obtaining PPP loans pursuant to 13 C.F.R. § 121.110(j) and the First

3

IFR. *Id.*, at 7-8.  Accordingly, SBA, and OHA, correctly concluded that Petitioner was ineligible for the PPP loan it received, and that Petitioner consequently is not entitled to forgiveness of that loan.

In its PFR, Petitioner also renews its contention that other similarly-situated businesses were granted PPP loan forgiveness, but this argument too was fully considered, and rejected, in *Suffolk I*.  OHA explained in *Suffolk I* that Petitioner, which had the burden of proof in the proceeding, did not establish that SBA – as opposed to private lenders – made the alleged forgiveness decisions pertaining to other borrowers.  *Suffolk I*, at 8.  Moreover, even if Petitioner had made such a showing, this would not demonstrate that SBA's findings with regard to Petitioner were in error.  *Id.*  Instead, it also would be possible that "forgiveness may have been mistakenly granted to other borrowers."  *Id.*  Similarly, OHA found no merit to Petitioner's argument that the Administrative Record in the instant case was incomplete.  *Id.* at 8-9.  OHA noted that, by regulation, the Administrative Record need only include "non-privileged, relevant documents that SBA considered in making [the particular FLRD that is under appeal] or that were before SBA at the time of the [FLRD]."  *Id.* (citing 13 C.F.R. § 134.1207(b).)

Petitioner's remaining arguments in its PFR are also meritless.  Petitioner contends that SBA and OHA should be "estopped" from concluding that Petitioner was ineligible for the PPP loan it received, but this argument fails since Petitioner has not shown that either SBA or OHA had any involvement in approving Petitioner for a PPP loan.  Moreover, as SBA correctly observes, federal agencies cannot be equitably estopped from enforcing public laws, even though private parties may suffer hardship as a result in particular cases.  *See generally Off. of Pers. Mgmt. v. Richmond*, 496 U.S. 414 (1990).

Petitioner also complains that OHA did not address, in *Suffolk I*, the extent to which Petitioner is responsible for the payment of fees, interest and penalties in addition to the principal amount of its PPP loan.  Section I.B, *supra*.  In a PPP appeal proceeding, however, OHA's review is limited to the particular FLRD under appeal, and OHA may only "affirm, reverse, or remand" that FLRD.  13 C.F.R. §§ 134.102(w), 134.1201, and 134.1212.  Here, Petitioner's responsibility for additional fees and costs was not an issue raised in the FLRD, and such matters thus are not within OHA's jurisdiction.

### III.  Conclusion

To prevail on a PFR, the petitioner "must clearly show an error of fact or law material to the decision."  13 C.F.R. § 134.1211(c)(1).  Here, Petitioner has not shown any valid grounds to disturb *Suffolk I*.  The bulk of Petitioner's arguments on reconsideration were already thoroughly considered, and rejected, in *Suffolk I*.  Petitioner's remaining contentions lack merit and/or are beyond the scope of OHA's review.  The PFR therefore is **DENIED** and *Suffolk I* is **AFFIRMED**.

4

This is the reconsidered initial decision of the SBA.  However, unless the SBA Administrator elects to review this decision pursuant to 13 C.F.R. § 134.1211(d), this decision shall become the final decision of the SBA 30 calendar days after its service.  *See* 13 C.F.R. § 134.1211(c)(3).  This decision is non-precedential but may be published.  13 C.F.R. § 134.1211(e) and (f).

*Kenneth Hyde*

KENNETH M. HYDE
Administrative Judge

5