**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

SUFFOLK REGIONAL OFF TRACK BETTING
CORP.,

                               *Plaintiff,*                               **ORDER**
                                                                             2:24-CV-07058 (SJB) (JMW)

                       -against-

UNITED STATES SMALL BUSINESS
ADMINISTRATION, ISABEL CASILLAS GUZMAN
*in her official capacity as Administrator of the United*
*States Small Business Administration*, and THE
UNITED STATES OF AMERICA,

                               *Defendants*.
-------------------------------------------------------------x

**A P P E A R A N C E S:**

       Elliot Aaron Hallak
       Brian Ginsberg
       Deana DiBenedetto
       Thomas J. Garry
       **Harris Beach Murtha Cullina PLLC**
       677 Broadway, Suite 1101
       Albany, NY 12207
       *Attorneys for Plaintiff*

       Edward K. Newman
       **United States Attorneys Office,**
       **Eastern District of New York**
       271 Cadman Plaza East
       Brooklyn, NY 11201
       *Attorney for Defendants*

**WICKS**, Magistrate Judge

       Plaintiff Suffolk Regional Off Track Betting Corp. ("Plaintiff") brought the underlying

action pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § § 702-704, seeking

judicial review and reversal of a decision by the SBA which denied forgiveness of a loan made to

Plaintiff under the Paycheck Protection Program ("PPP"), as contrary to law, arbitrary and capricious, and an abuse of discretion. (*See generally* ECF No. 1.)

The parties are before the Court on their consent motion[1] to file three documents within the Administrative Record—which is comprised of forty total documents—under seal on grounds that the documents "contain personal information of Plaintiff's employees, including social security numbers and salaries or other payment information for individually named employees." (ECF No. 26 at pp. 1-2.)  **Document 1** in the Administrative Record is Plaintiff's 179-page application[2] for a PPP loan which supposedly contains Plaintiff's personal information, like social security numbers, and payment information. (*Id.*) Similarly, "the same confidential information" is contained in **Document 29** of the Administrative Record, a 1049 page "review summary and supporting documents for the SBA's initial denial of loan forgiveness." (*Id.*) And finally, **Document 31** of the Administrative Record is a "spreadsheet detailing 2587 payments to individually identified employees of the Plaintiff." (*Id.*) For the following reasons, the parties' motion to seal (ECF No. 26) is **GRANTED.**

## DISCUSSION

It is by now axiomatic that there is a presumptive right of public access to judicial documents and records.  *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2015); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("The common law right of public access to judicial documents is firmly rooted in our nation's

---

[1] The parties also agree that "any portion of the documents filed under seal that are used as exhibits in this matter and which contain personally identifiable information will be filed either under seal or with said information redacted." (ECF No. 26 at p. 3.)

[2] Due to the immense size of all three documents, the parties submitted the documents via a file transfer portal link in accordance with Judge Bulsara's Individual Practice § II(D)—"Submission of Large Electronic Files."

history."). That right includes "a general right to inspect and copy such judicial documents." *Mirlis v. Greer*, 952 F.3d 51, 58–59 (2d Cir. 2020) (internal citations omitted). It matters not that the parties agree amongst themselves to have documents sealed. Rather, the public's interest and right to judicial access is at stake.

However, the right to inspect and copy judicial records is not absolute. Rather, a party may move to seal judicial records. Such motions to seal must be "'carefully and skeptically reviewed to ensure that there really is an extraordinary circumstance or compelling need' to seal the documents from public inspection." *Bernstein*, 307 F. Supp. 3d at 165 (quoting *Video Software Dealers Ass'n v. Orion Pictures*, 21 F.3d 24, 27 (2d Cir. 1994)); *see Lugosch*, 435 F.3d at 119. Indeed, "[t]he burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997); *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (internal citations omitted) ("The party opposing disclosure of a judicial document must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection . . . broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test.").

The Second Circuit has adopted a three-part analysis to guide district courts when determining whether documents filed in a case can and should be placed under seal. *See Lugosch*, 435 F.3d at 119–20; *see also King Pharm., Inc. v. Eon Labs, Inc.*, No. 04-CV-5540 (DGT), 2010 WL 3924689, at *4 (E.D.N.Y. Sept. 28, 2010). *First*, the court "must determine whether documents are judicial documents that are relevant to the performance of the judicial function and useful in the judicial process." *Saadeh v. Kagan*, No. 20-CV-1945 (PAE) (SN), 2021 WL 965334, at *2 (S.D.N.Y. Mar. 15, 2021) (internal quotation and citations omitted). *Second,*

the Court must weigh the presumption of access attached to the documents in question. *See id.*, 2021 WL 965334, at \*2 (citing *Lugosch*, 435 F.3d. at 119–120).  And *third*, the Court must use its discretion to determine "whether there are any countervailing concerns that would weigh against full public access to the documents." *See id.*, 2021 WL 965334, at \*2 (citing *Lugosch*, 435 F.3d. at 120). The Court considers the *Lugosch* factors in turn.

### *Are the Documents Judicial Documents Relevant to the Performance of Judicial Functions and Useful in the Judicial Process?*

Judicial documents that are tantamount to performance of Article III functions likely carry a strong presumption of access whereas documents that are insignificant in helping a court reach an adjudicative decision demonstrate a low presumption of access. *See United States v. Amodeo*, 71 F.3d 1044, 1049–50 (2d Cir. 1995); *see also Mirlis*, 952 F.3d at 59 (finding judicial documents ordinarily include those "placed before the court by the parties and that [are] relevant to the performance of the judicial function and useful in the judicial process.").

The documents at issue here are three of the forty-document Administrative Record. Crucially, when determining whether to uphold an agency's action under the APA, the court largely considers the administrative record only. *See Nat'l Audobon Soc. v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997) ("Generally, a court reviewing an agency decision is confined to the administrative record compiled by that agency when it made the decision."); *see also Ali v. Pompeo*, No. 16-CV-3691-KAM-SJB, 2018 WL 2058152, at \*4 (E.D.N.Y. May 2, 2018).[3] Because all three documents play a critical role in the Court's ultimate function in these cases— reviewing the administrative record to analyze agency action—the documents can fairly be

---

[3] Judge Bulsara referred the parties to the undersigned to resolve the question of whether discovery is appropriate in this matter, or whether the Court must solely consider what is within the Administrative Record. (*See* Electronic Order dated 5/6/2025.) The parties have been directed to submit briefs on this issue and appear for a conference before the undersigned on June 10, 2025. (*See* Electronic Order dated 5/7/2025.)

considered "judicial" documents. *See Israel v. First Unum Ins. Co.*, No. 21-cv-4335, 2025 WL

419626, at \*1 (S.D.N.Y. Jan. 29, 2025) (finding the administrative record consisted of "judicial

documents" because they "will inform an adjudicative decision"); *see also Feltington v. Hartford

Life Ins. Co.*, No. 14-cv-06616 (GRB) (JMW), 2021 WL 5577924, at \*4 (E.D.N.Y. Nov. 30,

2021) ("As a threshold matter, the internal policy that Defendant seeks to file under seal is

clearly a judicial document, as it will be considered and relied upon in the parties' motion for

summary judgment."). Accordingly, the Court next considers whether there is a presumption of

access associated with the documents and whether there are any countervailing concerns. *See

Lugosh*, 435 F. 3d at 119.

### *Is There a Presumption of Access Associated with the Documents?*

Judicial documents are presumptively subject to public inspection. *Amodeo*, 71 F.3d at

1047. "[T]he presumption is at its strongest when the document in question . . . has been

submitted as a basis for judicial decision making." *Cedar Swamp Holdings, Inc. v. Zaman*, 476 F.

Supp. 2d 303, 304 (S.D.N.Y. 2007) (quoting *Greater Miami Baseball Club Ltd. P'Ship. v. Selig*,

955 F. Supp. 37, 39 (S.D.N.Y. 1997)). To determine the weight afforded to this presumption of

access, courts will consider the "role of the material at issue in the exercise of Article III judicial

power." *Amodeo*, 71 F.3d at 1049. Indeed, where documents "directly affect an adjudication," or

are used to determine the substantive rights of the parties, the presumption of access is "at its

zenith" and can only be overcome by extreme circumstances. *42West LLC v. Gould*, No. 21-CV-

1581 (OTW), 2024 WL 4263235, at \*2 (S.D.N.Y. Sept. 20, 2024).

Here, though the parties contend that the information within the three documents is

"irrelevant to this Court's determination," the actual *documents* that the parties seek to seal are

necessary to obtain the full Administrative Record and critical to ensure a thorough judicial

review of the agency's decision occurs. *See Israel*, 2025 WL 419626, at *1 (concluding the presumption attached to the administrative record "is of the highest" because it was formative in the adjudicative decision). Accordingly, the presumption of access is "of the highest" and the Court now must analyze whether any countervailing concerns overcome such a presumption of accessibility. *See Selig*, 955 F. Supp. at 39 ("Only where countervailing considerations of privacy are sufficient to overcome the presumption may the [parties] be denied access to such documents.").

### *Is the Presumption Overcome by Countervailing Concerns?*

To overcome the presumption of public access, the party seeking to seal bears the burden of showing that higher values outweigh this presumption. *See Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017). "Privacy interests" of the person resisting disclosure may, under certain circumstances, satisfy that higher burden. *See Amodeo*, 71 F.3d at 1050–51. When analyzing whether competing considerations, like privacy interests, outweigh the presumption of access, courts should consider the degree to which the subject matter is traditionally considered private rather than public, the nature and degree of injury that may result from disclosure, and the reliability of such information. *See id.* When these factors "outweigh the value to the public of accessing the document at issue, then that document should be sealed." *Forbes IP (HK) Limited v. Media Business Generators, S.A. de C.V.*, No. 23-CV-11168 (JGLC), 2024 WL 1743109, at *8 (S.D.N.Y. Apr. 23, 2024) (citation omitted).

Here, the parties aver that the inclusion of personal information, individual employee identities, social security numbers, salaries, or specific payments to individuals contained within the documents constitute sufficient privacy considerations to overcome the presumption of public access. (*See* ECF No. 26 at pp. 2-3.) "With respect to [] documents containing Plaintiff's

or other third-parties' personal information (*i.e.*, addresses, phone numbers, etc.), the Court finds this traditionally private information weighs heavily in the Court's balancing against the presumption of access, . . . and otherwise has no bearing on the lawsuit, and therefore the public will not be prejudiced if denied access to this information." *Cantinieri v. Verisk Analytics, Inc.*, No. 21-cv-6911 (NJC) (JMW), 2024 WL 759317, at *4 (E.D.N.Y. Feb. 23, 2024) (internal citation omitted); *see Cohen v. Gerson Lehrman Grp. Inc.*, No. 09 Civ. 4352 (PKC), 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (holding that individual contact information, such as email addresses, home addresses, and phone numbers, which were not at issue in the litigation, warranted redacted sealing because of the individual's "countervailing privacy interest in their non-disclosure"). Similar privacy concerns are implicated where, like here, documents contain social security numbers. *See, e.g., Howell v. Yale Univ.*, No. 3:22-cv-01160, 2025 WL 865820, at *6 (D. Conn. Mar. 20, 2025) (granting motion to seal and redact certain portions of an exhibit containing sensitive personal information and social security numbers in order to preserve the individual's privacy interests); *United States v. Villar*, No. 05-621 (RJS), 2021 U.S. Dist. LEXIS 21431, at *4 (S.D.N.Y. Feb. 3, 2021) ("[I]n light of the sensitive privacy interests at stake in disclosing [plaintiff's] personal information [including his social security number] and information pertaining to third parties, the Court is persuaded that the presumption of openness is overcome.").

Indeed, filing the three documents under seal is narrowly tailored to protect these interests considering the magnitude of the documents and the countless number of names and sensitive, personal information contained therein. *See S.W. v. N.Y.C. Dep't of Educ.*, No. 22 Civ. 3592 (LGS), 2023 WL 5803415, at *10 (S.D.N.Y. Sept. 7, 2023) (granting the motion to seal the entire administrative record, noting such relief was "narrowly tailored to protect t[he] privacy

interests, given that the Record [was] voluminous and permeated with confidential information").

## CONCLUSION

For the reasons stated, the parties' motion to seal documents 1, 29 and 31 of the Administrative Record (ECF No. 26) is hereby **GRANTED**.


Dated:  Central Islip, New York
        May 13, 2025

**S O   O R D E R E D :**

/s/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge
