

677 Broadway, Suite 1101
Albany, New York 12207
518.427.9700

Elliot A. Hallak
Member
Direct:  (518).701.2748
Fax:      (518).427.0235
ehallak@harrisbeachmurtha.com

June 25, 2025

Hon. James M. Wicks
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

   Re: *Suffolk Regional Off Track Betting Corp. v. United States Small Business Administration, et al.*, Civil Action No. 2:24-cv-07058 (SJB/JMW)

Dear Judge Wicks:

  Plaintiff, Suffolk Regional Off Track Betting Corporation ("SROTB"), respectfully submits this letter in response to the Court's order, dated May 7, 2025, directing the parties to brief whether they are entitled to discovery and, if so, what the scope would be. Discovery should be permitted for multiple reasons. First, Defendants arbitrarily and capriciously granted Payment Protection Program ("PPP") loan forgiveness to every other off-track betting corporation ("OTB") in New York ("NY") and multiple other comparable entities throughout the country, but not to SROTB. Second, the Small Business Administration ("SBA") provided an incomplete administrative record ("Record") that fails to document SBA's decisions to: (1) grant PPP loans and PPP loan forgiveness to all other OTBs and multiple other comparable entities, but not to SROTB; and (2) not follow recommendations that SROTB was eligible for forgiveness. Finally, SROTB served Defendants with reasonable discovery demands addressing these deficiencies. For the reasons stated herein, the Court should hold that SROTB is entitled to discovery.

## LEGAL STANDARD

### I. Breadth Of The Record

  "SBA is responsible for submitting the [Record], upon which the administrative law judge [("ALJ")] must base her decision." *In re Spectrum Contracting Services, Inc.*, SBA No. BDP-378, 2010 WL 8747281 (Oct. 14, 2010) (citing 13 CFR § 134.406). The Record must be comprehensive: SBA must include in the Record "all documents . . . relevant to the determination on appeal before the [ALJ] and upon which the SBA decision-maker, and those SBA officials that recommended either for or against the decision, relied." *In re Sparccom & Associates*, SBA No. BDPT-501, 2013 WL 4502314 (Aug. 19, 2013) (quoting 13 C.F.R. § 134.406(c)(1)) (internal quotation marks omitted); *see also In re American Power, LLC*, SBA No. BDPE-590, 2021 WL 1292996 (Mar. 1, 2021). These are "two independent criteria and may not be read conjunctively," such that SBA cannot "include only those documents that are both relevant and relied on by the decision-maker." *In re Barkley Security Agency*, SBA No. BDP-101, 1998 WL 644769 (Jan. 1, 1998). Relevance is construed broadly: evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id.* (quoting Fed. R. Evid. 401) (internal quotation marks omitted).



A "[p]etitioner may object to the absence of a document, previously submitted to, or sent by, SBA, which the petitioner[] believes was erroneously omitted from the [Record]." *In re Spectrum Contracting Services, Inc.*, 2010 WL 8747281 (quoting 13 CFR § 134.406(c)) (internal quotation marks omitted). A petitioner is also permitted "to object to the omission of any evidence, whether or not previously submitted to or provided by the SBA, such as internal SBA documents and documents provided by third parties to the SBA, that might establish that the SBA acted arbitrarily, capriciously, or contrary to law." *In re Barkley Security Agency*, 1998 WL 644769. After all, "[a]bsent knowledge of a document's existence, petitioner would be unable to object to the absence of that document." *Id.* The Record must, therefore, provide the petitioner "sufficient information to formulate an objection" and provide the ALJ "sufficient information to make an informed decision regarding the completeness of the [Record]." *Id.* Where the Record is "insufficiently complete to decide whether the SBA determination is arbitrary, capricious, and contrary to law because it does not contain evidence showing the basis for the SBA's determination," SBA must "supplement the [Record] to provide sufficient evidence to support its determination." *In re The Corvus Grp., Inc.*, SBA No. BDP-180, 2002 WL 32988158 (Sept. 30, 2002).

## II.  Entitlement To Discovery

SROTB "may obtain discovery . . . upon motion . . . for good cause shown." 13 CFR § 134.213(a). SROTB need only show: (A) "based on credible evidence . . . , that [Defendants'] determination in question may have resulted from bad faith or improper behavior," 13 CFR § 134.407; or (B) the "absence of formal administrative findings makes extra-record investigation necessary in order to determine the reasons for the agency decision," *Ali v. Pompeo*, No. 16-CV-3691-KAM-SJB, 2018 WL 2058152, at *4 (E.D.N.Y. May 2, 2018) (quoting *Nat'l Audubon Soc. v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997)) (internal quotation marks omitted). The latter involves a showing "that with the current record the Court could not review the reasons for the decision." *Id.* at *5. "The forms of discovery which [the Court] can order . . . include requests for admissions, requests for production of documents, interrogatories, and depositions." 13 CFR § 134.213(b).

## ARGUMENT

### I.  Defendants Arbitrarily And Capriciously Denied SROTB Forgiveness Despite The Record Documenting That SROTB Is Legally Indistinguishable From Entities That Were Granted Forgiveness

SBA claims SROTB was denied PPP loan forgiveness because, as a business owned by a municipality or other political subdivision, SROTB's organizational structure is ineligible. *See* ECF 1-2. The Record indicates there are five OTBs remaining in NY, all of which are public benefit corporations created by legislation whose members are appointed by government bodies, thereby confirming SROTB shares the same organizational structure and has no distinguishable circumstances from every other OTB in NY. *See* ECF 1-9 pp. 568-82.

Yet, every OTB was granted PPP loans and PPP loan forgiveness except SROTB. *See* ECF 1 ¶ 101; *see also* ECF 1 ¶ 106. The Record contains no documentation explaining: (1) why SBA granted PPP loans and PPP loan forgiveness to every other OTB in NY except SROTB; and (2)



how SROTB differs from other OTBs such that SROTB is ineligible for a PPP loan and PPP loan forgiveness, while all other OTBs are eligible for PPP loans and PPP loan forgiveness. Such evidence would bear critically on whether SBA acted arbitrarily and capriciously in denying SROTB forgiveness.

## II. Defendants Provided An Incomplete Record That Fails To Explain Material Discrepancies In SBA's Treatment Of SROTB

In addition to failing to provide documentation explaining why SBA granted PPP loans and PPP loan forgiveness to all OTBs in NY except SROTB, *see supra* Section I p. 2, the Record also fails to provide documentation explaining why determinations that SROTB was eligible and/or approved for forgiveness were not followed.

On multiple occasions within the Record, SBA staff concluded SROTB was eligible and/or approved for forgiveness. *See* ECF 1-5 pp. 6-12 (finding SROTB satisfied every requirement for forgiveness, including organization structure), 19 (stating SROTB "meets eligibility requirements" and is "in compliance," and recommending "[p]artial forgiveness in the amount of $3,498,624"); ECF 1-13 pp. 932 ("This loan is being approved for forgiveness."), 943 (stating SROTB "meets eligibility requirements" and is "in compliance," and recommending "[p]artial [f]orgiveness in the amount of $3,500,591").

Yet, for some unexplained reason, these forgiveness recommendations were not followed. The Record contains no documentation explaining how SBA's review of SROTB's forgiveness application went from forgiveness recommendations to a complete reversal of position resulting in the denial of forgiveness, and now to the apparent position that SROTB was not even entitled to receive a PPP loan.

Additionally, while SROTB's PPP loan carried a 1% annual interest rate, the Record fails to explain SBA's imposition of interest and penalties exceeding over 30% of the principal amount of the loan. *See* ECF 1 ¶¶ 137-139; ECF 1-21 p. 24. To this day, SROTB lacks information as to how those figures were calculated, particularly the appropriateness of extensive apparent late fees or penalties totaling over $1.3 million, despite the fact that SROTB's lender conceded by affidavit that it failed to properly deliver: (1) the required notice to SROTB regarding SBA's (improper) denial of SROTB's forgiveness application and (2) the re-payment schedule for SROTB's PPP loan. *See* ECF 1-21 pp. 32-34.

## III. SROTB's Discovery Requests Are Reasonable

Pursuant to the Proposed Scheduling Order agreed to by the parties, *see* ECF 14, and adopted by the Court, *see* ECF 15, SROTB served reasonable discovery requests, including interrogatories and document demands, on SBA to obtain the missing material documents that should have been included in the Record. A copy of said discovery demands are filed herewith as **Exhibit 1**. These materials include, among other things, documents and communications revealing how SBA determined: whether SROTB had an eligible or ineligible organization structure; that SROTB was eligible for a PPP loan; that SROTB was eligible or ineligible for forgiveness; that other OTBs had eligible or ineligible organization structures; that other OTBs were eligible or

June 25, 2025
Page 4



ineligible for PPP loans; that other OTBs were eligible or ineligible for forgiveness; whether and why other OTBs were granted or denied forgiveness; and that SROTB's organization structure differs from that of other OTBs in any way that impacts a PPP loan eligibility and/or forgiveness analysis. This documentation, which is missing from the Record, is undoubtedly relevant to the decision to grant or decline forgiveness. In response, Defendants neither served initial disclosures (which SROTB served), nor responded to SROTB's discovery demands. Instead, Defendants seek to conceal and prevent disclosure of documents material to the adjudication of this matter.

                                                                          Respectfully Submitted,

                                                                          Elliot A. Hallak

cc:      Edward K. Newman, Esq., Counsel for Defendants